HON. JNO. H. BURFORD, CHIEF JUSTICE.
HON. CLINTON F. IRWIN,
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
HON. FRANK E. GILLETTE,  } ASSOCIATE JUSTICES.
HON. J. L. PANCOAST,
HON. JAMES K. BEAUCHAMP,

SCHOOL DISTRICT No. 42, *formerly* SCHOOL DISTRICT No. 1, GARFIELD COUNTY, TERRITORY OF OKLAHOMA, v. THE PENINSULAR TRUST COMPANY, *a corporation, Trustee.*

(Filed. January 12, 1904.)

1. **TRUSTEE—Action by.** Where a plaintiff brings an action in a representative capacity as trustee or mortgagee, the petition should set out the nature and extent of the plaintiff's interest with such certainty as will enable the court to determine the plaintiff's power to act.

2. **SAME—Must Set Out Authority.** A petition which shows from the title that the plaintiff is suing in a representative capacity as trustee and fails to show what his powers as trustee are, and in the body of the petition alleges. that the plaintiff is the "owner and holder" of the instrument, is bad upon demurrer.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before John L. McAtee, Trial Judge.*

*Rush & Steen* and *O. D. Hubbell,* for plaintiff in error.

*Percy Glaze* and *C. H. Parker,* for defendant in error.

### STATEMENT OF FACTS.

On the 20th day of September, 1894, school district No. 1 of O county, Oklahoma Territory, entered into a written contract with the Grand Rapids Seating Company, of Grand Rapids, Michigan, a corporation, organized under the laws of the state of Michigan, and doing business at the city of Grand Rapids, in said state, for the purchase of school furniture for said district, and at the date of this contract an order was given by the officers of said school district to said company for various items amounting to the sum of $858.25.

On the first day of October following, the persons composing the said school board executed and delivered to said company a note in the following form:

"Territory of Oklahoma, School District Number One (1), O County, North Enid, O. T., October 1, 1894.

"Two years after date we promise to pay and hereby order the treasurer of said school district to pay, to the order of the Grand Rapids Seating Company, of Grand Rapids, Michigan, the sum of nine hundred and ninety and 98-100 dollars, with interest thereon from date until paid, at the rate of eight per cent. per annum.

"For school furniture and school supplies.

"By order of the board of school district Number 1 (1) of O county, Oklahoma Territory.

"H. F. BEST, Director.
"G. S. STEIN, Treasurer.
"W. P. LITTLE, Clerk."

What (if anything) went to make up the amount of this note, besides the order already mentioned, is nowhere disclosed by the evidence; nor is any complaint made in the proceedings that the said note was in any manner or to any amount fraudulent.

On the 5th day of April, 1897, the said school district issued to the said Grand Rapids Seating Company its four several warrants each of the sum of $200.00; which warrants are in the following form, to-wit:

"No. 308.   OFFICE OF SCHOOL DISTRICT CLERK.   $200.00.

"North Enid, Oklahoma Territory, Apr. 5, 1897.

"Treasurer school district No. 1, county of Garfield. Pay to Grand Rapids Seating Co. or order the sum of two hundred, no-100 dollars, for to cancel note given Oct. 1, 1894, for school furniture, out of any fund in your possession raised or appropriated for such purpose.

"W. R. SWARTHOUT, District Clerk.

"ALICE N. SALE, Director.

"To D. C. ROUNDS, Treasurer."

These warrants were each presented to the treasurer of said school district, and by him endorsed as follows:

"Presented and not paid for want of funds, this 5th day of April, 1897.

"D. C. ROUNDS, School District Treasurer."

The said Grand Rapids Seating Company having become involved and unable to meet its obligations to its several creditors, on the 6th day of July, 1897, executed to the Peninsular Trust Company of Grand Rapids, Michigan, its trust mortgage for the purpose of securing the payment of its said indebtedness and obligations, therein and thereby transferring to said Peninsular Trust Company all its property of every kind and nature, including the said four several

31—Vol 13

warrants given by the said school district to the said Grand Rapids Seating Company. Prior to the commencement of this action the name of O county had been changed to Garfield county, and the number of said school district from number 1 to number 42.

On the 3rd day of May, 1898, this action was commenced in the probate court of Garfield county, by filing a petition, of which the following is the first cause of action:

*"The Peninsular Trust Company, a corporation, v. School District Number 42, formerly School District No. 1, Garfield County, Territory of Oklahoma.*

"PETITION.

"Comes now the plaintiff and says, that it is a corporation duly organized and incorporated and doing business under and by virtue of the laws of the state of Michigan; that the defendant herein was at all times hereinafter mentioned and referred to and now is a corporation, duly organized and existing under and by virtue of the laws of the Territory of Oklahoma, as one of the school districts of Garfield county, in said territory, with authority to become indebted in the manner hereinafter stated, and to sue and be sued under the name and style of school district No. 42, Garfield county, Territory of Oklahoma; and for the first cause of action says:

"That prior to April 5th, 1897, the defendant herein became indebted to the Grand Rapids Seating Company for value received, in the sum of two hundred dollars; that on the 5th day of April, 1897, the said defendant caused to be issued by its proper officers in consideration of said indebtedness, its warrant No. 308, in words and figures as follows, viz:

" 'No. 308. OFFICE OF SCHOOL DISTRICT CLERK. $200.00.

" 'North Enid, Oklahoma Territory, April 5, 1897.

" 'Treasurer school district No. 1, county of Garfield.

·Pay to Grand Rapids Seating Co. or order the sum of two hundred & no-100 dollars for to cancel note given Oct. 1, 1894, for school furniture, out of any fund in your possession raised or appropriated for such purpose.

" 'W. R. SWARTHOUT, District Clerk.
" 'ALICE N. SALE, Director.

" 'To D. C. ROUNDS, Treasurer, '

" 'P. O. Address, North Enid, O. T.,' ·

"The same was delivered to the Grand Rapids Seating Company, and the said Grand Rapids Seating Company did thereafter present said warrant to the treasurer of the said school district for payment, which was refused for want of funds, and thereupon the said treasurer endorsed upon the back of said warrants as follows, viz: 'Presented and not paid for want of funds this 5th day of April, 1897. Registered No. 57, New Series. D. C. Rounds, school district treasurer;' a copy of which warrant with all endorsements thereon is attached hereto, marked exhibit 'A' and made a part hereof. That said warrant nor any part thereof has ever been paid, although plaintiff says that there has been funds in the hands of the county treasurer of said Garfield county, which should have been applied to the payment thereof; that payment thereof has been demanded of the treasurer of said county, and refused; that said plaintiff is now the owner and holder of said warrant, and that the same is long past due.

"Wherefore plaintiff asks judgment for the sum of two hundred dollars with interest from the 5th day of April, 1897, at the rate of 6 per cent. per annum, and costs of this action."

Exhibit "A" attached to said petition is as follows:

"No. 308.    OFFICE OF SCHOOL DISTRICT CLERK.    $200.00

"North Enid, Oklahoma Territory, April 5, 1897.

"Treasurer school district No. 1, county of Garfield. Pay to Grand Rapids Seating Co. or order the sum of two

hundred & no-100 dollars for to cancel notes given Oct. 1, 1894, for school furniture, out of any fund in your possession raised and appropriated for such purpose.

"W. R. SWARTHOUT, District Clerk.
"ALICE N. SALE, Director.

"To D. C. ROUNDS, Treasurer,
    "P. O. Address, North Enid, O. T."
Endorsed: "Grand Rapids Seating Co., Peninsular Trust Co., Trustee, by Geo. E. Whitworth, Secretary. Presented and not paid for want of funds, this 5th day of April, 1897. Registered No. 57, New Series. D. C. Rounds, school dist. treasurer."

The petition contains three other causes of action, with exhibits B, C and D, which are in the same form with the cause of action above set forth.

The defendant school district answered, setting up: First, a general denial; second, that the execution of the warrant sued on represented an indebtedness in excess of four per cent. of the assessed valuation of the school district, and third, that the Grand Rapids Seating Company at the time of the creation of the debt represented by the said school warrants, was a foreign corporation, not created for religious or charitable purposes, and that the plaintiff was a like corporation, and that neither of them had filed with the secretary of this territory a copy of its articles of incorporation, and that the business of the Grand Rapids Seating Company in this territory was done through a resident agent.

The case was tried in the probate court July 18, 1898, resulting in a judgment for plaintiff, and afterwards in due time appealed to the district court. Afterwards, on March

1, 1899, plaintiff moved the district court for leave to amend the .petition by substituting the name Peninsular Trust Company, trustee, as plaintiff, and supported the same by an affidavit of plaintiff's attorney, which showed that he was mistaken in bringing the action in the name of the Peninsular Trust Company, and that it should have been brought in the name of the Peninsular Trust Company, as trustee, which motion was by the court allowed over the objections of the defendant, and the title to the cause was accordingly amended.

The body of the petition was not changed in any way, and the defendants then filed a demurrer to the same, which is in the following words:

"In the District Court of Garfield County, O. T.
*Peninsular Trust Company, Trustee, Plaintiff, v. School District No. 42, Garfield County, O. T., Defendant.*

"Comes now the defendant and demurs to plaintiff's petition herein, for the reason that the same does not state facts sufficient to constitute a cause of action.

> "O. D. HUBBELL,
> "ANDERSON & RUSH,
> "Attys. for Deft."

Afterwards, on the 28th of March, 1899, said demurrer was presented to the court and overruled, and exception taken and allowed. On the 27th of November, 1900, the cause was tried by the court and a jury, the defendant objecting to the introduction of any testimony in support of the allegations of the petition, resulting in a verdict for the plaintiff in the sum of $974.99. Motion for a new trial was by the

court considered and overruled, and the defendant school district brings the case to this court for review.

Opinion of the court by

GILLETTE, J.: In the consideration of this case we are met at the outset with a question of practice which challenges the attention of this court.

It will be observed that the petition upon which the case was tried was the Peninsular Trust Company, trustee, without stating who or what it was trustee for. The word trustee in the title of the cause was added by permission of the district court after the case had been tried in the probate court, without amending any of the allegations of the original petition, which alleged that the plaintiff was the owner and holder of the instrument sued on. The petition does not state who the plaintiff was trustee for, how or where it was appointed trustee, or what the nature or extent of its trust was, nor does it indicate when or by what means it became possessed of the instrument sued on, except to declare "it was" the owner and holder of the same, and the record nowhere discloses the nature of plaintiff's right and interest, until we come to examine the testimony introduced on the trial, where it for the first time appears that the plaintiff was a mortgagee of all the property and assets of the Grand Rapids Seating Company, under and by virtue of a certain trust mortgage, which conveys to the plaintiff all the property of the Grand Rapids Seating Company, including the school warrants sued on herein, which said mortgage in the body thereof and by way of a grant to the plaintiff uses the following language:

"To have and to hold the property above mortgaged and conveyed to said party of the second part and to its successors forever, in trust, however, and by way of mortgage security only, and upon the terms and conditions herein provided."

Then follows the terms and conditions, one of which is that if the indebtedness of the Grand Rapids Seating Company are paid by that company within three months from the date of said mortgage the obligation should be void. Otherwise, and in case of default in any of the conditions by the mortgagor, or in case the mortgagor should sell or attempt to sell, or in case the said mortgagee as trustee shall deem the security inadequate, the mortagee was empowered to take possession of all the property, and sell the same at public or private sale, and to sue for and recover the bills receivable and accounts conveyed by the mortgagee, and after satisfying the debts and expenses out of the same to return any surplus that might remain to the Grand Rapids Seating Company.

When the petition was amended by adding the word "trustee" after the name of the plaintiff, it became manifest that the plaintiff was not suing in its own right, but in a representative capacity, and therefore the allegation of the petition that plaintiff is the owner and holder of the warrants sued on, was not true. The attention of the trial court was called to the fact that there was an irreconcilable conflict between the allegations in the body of the petition and the title of the cause, for if it was a trustee for some other party, then it was not itself the owner of the warrants sued on. Who was the real party in interest then becomes an all important question to the defendant. The defendant surely had a right to know who it was being sued by. Without setting out in

its petition who it represented, the real party in interest was not disclosed, and without such disclosure the petition did not state facts sufficient to constitute a cause of action, unless as a matter of fact it was suing as the owner and holder of the notes, and this was denied, not only by the amended title, but also by the motion for leave to amend, which states that leave to amend is asked, "for the reason that said Peninsular Trust Company as trustee, instead of in its individual capacity, was the right and real party in interest."

The motion for leave to amend the pleading by adding the word trustee, was supported by an affidavit showing that the plaintiff was the trustee of the Grand Rapids Seating Company, and that its right to bring the action was in that representative capacity. This affidavit in support of the motion is the first and only information brought to the attention of the court (aside from the evidence) indicating to the court and defendant the plaintiff's title and right to maintain the action, which information is in direct conflict with the language of the petition alleging that plaintiff was the owner and holder.

The demurrer of defendant to the petition was filed when this status of the case was made apparent to the court, and was considered by the court below, after the amendment was made, which added to the petition simply the word "trustee," in the title of the cause.

Was the addition of the word "trustee" to the title of the cause a sufficient amendment to the petition to enable the plaintiff to proceed in its representative capacity? is therefore a question fairly presented to the court by the demurrer, and by the defendant's objection to the introduction of testimony showing what its representative capacity was. We think not.

.It was competent, we think, for the plaintiff to amend the petition in accordance with the motion asking leave of the court to amend, so as to show that it appeared in a representative capacity, but we think the amendment made was insufficient for this purpose, if in fact it was sufficient to amend even the title. In the judgment of this court the title of the cause when amended should have shown that the plaintiff sued as trustee for the Grand Rapids Seating Company, and the body of the petition should have been amended so as to show by what authority and in what manner the plaintiff acquired the right to represent the Grand Rapids Seating Company. Without such amendment in the body of the petition a cause of action was not stated in favor of the plaintiff as trustee.

In the 22nd vol. Encyclopedia of Pleading and Practice at page 125, the author lays down the rule as follows:

"The bill, petition or complaint must distinctly aver every fact necessary to entitle the complainant to the relief sought. The plaintiff must recover if at all upon the theory upon which the bill is framed."

And on page 126, with reference to averments of existence or creation of trusts, the author lays down the rule as follows:

"All the facts or circumstances relied upon to show the creation or existence of a trust in favor of the plaintiff must be distinctly alleged."

Averments of this kind or character are wholly wanting in the petition under consideration. The addition of the word trustee gives no information whatever which tends to show the creation or existence of a trust, and disclosed no "fact

which would be necessary to entitle the complainant to the relief sought."

On the contrary, the allegation remaining in the petition that the plaintiff is the "owner and holder" amounts to a denial that the plaintiff is proceeding in a representative capacity—an inconsistency which cannot be reconciled, and is not permissible in an action either at law or in equity, Here the plaintiff is seeking to recover in a representative capacity, and has pleaded a cause in its personal favor as owner. If, as stated by the author of pleading and practice above quoted, "the plaintiff must recover, if at all, upon the theory upon which the bill is framed," it could only recover in this action as owner of the instruments sued on. This was not thought of or pretended by the amended petition, as was understood by all of the parties when defendant's demurrer to the petition was by the court overruled, and later when the court permitted over the objection of defendant the introduction of testimony showing plaintiff's representative capacity, in support of the petition, which showed an altogether different cause.

The statutes of Oklahoma provide, sec. 26, art. 4, ch. 66: "Every action must be prosecuted in the name of the real party interested," and this requirement is not modified except that section 28 of the same chapter provides that actions brought in a representative capacity by a representative, need not join with him the person for whose benefit it is prosecuted.

It follows almost as a logical sequence that the representative capacity of the plaintiff must be set out, and since the statement of the names of the parties to a suit in the

margin of a complaint is a part of the complaint, a complaint which describes the plaintiff in the margin, as trustee, is a sufficient averment to inform the court of the fact that the plaintiff is prosecuting in a representative capacity, and a petition following which does not show what his representative capacity is, is bad upon demurrer. The demurrer should have been sustained.

Numerous assignments of error are pointed out in the motion for a new trial and petition in error, which relate to the introduction of testimony, but they are unnecessary to consider at this time, as the conclusion we have here reached requires a reversal of the judgment in the court below, and a retrial of the case.

Judgment reversed, and cause remanded to the district court of Garfield county, with instructions to sustain the demurrer to the amended petition, and for such further proceedings therein as may be determined by that court.

All the Justices concurring.