ROBERTS *et al.* v. MORGAN *et al.*

No. 5738.    Opinion Filed March 21, 1916.

(156 Pac. 319.)

EVIDENCE—**Parol Evidence Affecting Writings—Admissibility.** In an action on a note, made payable to a trustee, where the beneficiary is specifically named therein, and there is no doubt or ambiguity as to the identity of such beneficiary, it is error to admit parol evidence to vary the terms of such instrument to show that another was intended as such beneficiary.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*

*S. H. Russell, Judge.*

Action by J. N. Morgan, trustee, and another against W. R. Roberts and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded for new trial.

*Johnson & McGill,* for plaintiffs in error.

*Cruce & Potter,* for defendants in error.

Opinion by RITTENHOUSE, C. This action was instituted on August 14, 1911, by J. N. Morgan, trustee of the Automatic Stores Company, against W. R. Roberts and Ida M. Roberts, in which action it was alleged that on February 28, 1909, defendants executed and delivered, and thereby promised to pay to J. N. Morgan, as trustee of the Automatic Stores Company, a certain promissory note, which is in words and figures as follows, to wit:

"No. ———.    $1,240.00.                              Due ———.

"ARDMORE, OKLA., Feby. 28, 1909.

"On ——— without grace, after date, I, we, or either of us promise to pay to the order of J. N. Morgan, trustee,

of the Automatic Stores Company, twelve hundred and fifty and 22/100 dollars at the City National Bank of Ardmore, for value received with interest at the rate of ten per cent. per annum from date until paid, negotiable and payable without defalcation or discount, and if this note is collected by attorney or suit, ten per cent. shall be added for attorney's fees.

"We, the makers, indorsers, guarantors, assignors, and sureties severally waive presentment for payment, demand, protest and notice of protest for nonpayment of this note or for execution of same.

"W. R. ROBERTS,

"IDA M. ROBERTS."

Subsequently an amended petition was filed by J. N. Morgan, trustee, without specifically naming the beneficiary, and joining therein W. F. Whittington as plaintiff, wherein it is alleged that defendants executed a writing of date February 28, 1909, to plaintiff Morgan as trustee, and promised to pay plaintiff, on demand, $1,240.22 with 10 per cent. interest and attorney's fees, and that at the time of the execution of the note plaintiff W. F. Whittington and the defendant W. R. Roberts, W. C. Kendall, T. C. Bridgman as administrator of the estate of W. J. Brown, deceased, R. W. Dick, and Sidney Suggs were each liable to the Ardmore National Bank on a note executed to said bank for $8,000; that there had been paid on said note different sums of money by different ones of the makers; that on February 28, 1909, the defendant W. R. Roberts owed $1,240.22, and the other parties owed other amounts; that in order to secure the payment of the amount each one owed on the said note, W. R. Roberts and Ida M. Roberts executed the note sued upon to the plaintiff as trustee, with the understanding and agreement that if

said note were paid to said plaintiff as trustee, the same would be applied upon the payment of said note, and would go to liquidate the amount of the indebtedness of said W. R. Roberts, or would be applied by this plaintiff to the reimbursing of any one who might pay said note or might loan the money with which to pay the same; that said note was not paid when due, and is still unpaid, and the plaintiff W. F. Whittington has paid off and satisfied said note to the Ardmore National Bank, and by the payment of the same has relieved the said Roberts of payment of said debt to the bank; and that said amounts, when collected, should be paid to said W. F. Whittington to reimburse him. A general demurrer was filed to this petition, which demurrer was overruled. An answer was then filed, admitting the execution of the notes sued upon, and alleging that W. R. Roberts was a stockholder in the Automatic Stores Company, with others, and that the company was financially involved; that at a meeting of the stockholders it was agreed that each of them would execute notes similar to the one sued upon, which would be discounted for the purpose of raising money to liquidate the indebtedness of the company; that there was no consideration for the note, and that the same was executed as accommodation to said corporation; that the note sued upon was executed for the specific purpose, and that alone, of having the same discounted and the money applied to the indebtedness of the company; that none of the notes given were discounted as agreed upon; that the same were null and void, and that the Automatic Stores Company held no demand against the defendants for any indebtedness then due to it; that neither Morgan nor the Automatic Stores Company had any right to main-

tain the action; and that said note was never used for the purpose for which it was given. A reply in the nature of a general denial was filed, and the cause was submitted to a jury, resulting in a judgment as follows:

"It is therefore adjudged by the court that the plain-tiffs do have and recover of the defendant W. R. Roberts and Ida M. Roberts, and each of them, in the sum of $1,970 with 10 per cent. interest thereon from this date, May 20, 1913, until paid, together with all their costs in this action laid out and expended; and it further appear-ing to the court that W. F. Whittington, one of the plain-tiffs herein, paid off and satisfied the debt of the defend-ants, and that he is the real beneficiary, or the one entitled to the benefits of this judgment, it is therefore adjudged by the court that this judgment be, and the same is, for the benefit of the said W. F. Whittington, the plaintiff J. N. Morgan having no interest therein other than trus-tee. It is further adjudged that execution may issue hereon, in favor of the said W. F. Whittington for the amount of this judgment, interest, and costs against the defendants W. R. Roberts and Ida M. Roberts, and each of them."

The court erred in refusing to grant a new trial in this case. The note was made to "J. N. Morgan, trustee, of the Automatic Stores Company." The amended peti-tion asks judgment in favor of J. N. Morgan, trustee, without showing for whom he was trustee. This question was before the territorial Supreme Court in the case of *School Dist. No. 42, Garfield Co., v. Peninsular Trust Co.,* 13 Okla. 479, 75 Pac. 281, wherein Mr. Justice Gillette, in discussing the necessity of alleging who the real party in interest was, says:

"The petition does not state who the plaintiff was trustee for, how or where it was appointed trustee, or what the nature or extent of its trust was, nor does it

indicate when or by what means it became possessed of the instrument sued on. . * * * The defendant surely had a right to know who it was being sued by. Without setting out in its petition who it represented, the real party in interest was not disclosed, and without such disclosure the petition did not state facts sufficient to constitute a cause of action. * * *"

This is the identical condition in which we find the amended petition in this case, unless it can be said the note attached as Exhibit A sufficiently shows that the real party in interest was the Automatic Stores Company. This question was raised by demurrer to the petition, objection to certain evidence, and motion for a directed verdict. It is apparent from an examination of the amended petition that the action was brought for the benefit of W. F. Whittington, and this is confirmed by the judgment, which provides that it is for the benefit of W. F. Whittington, the said J. N. Morgan acting merely as trustee. Had the note been made to J. N. Morgan, trustee, without naming the beneficiary, parol evidence would be admissible to show the real party in interest. *James v. Citizens' Bank of North Enid*, 9 Okla. 546, 60 Pac. 290; *Keokuk Falls Imp. Co. et al. v. Kingsland & Douglas Mfg. Co. et al.*, 5 Okla. 32, 47 Pac. 484; *Cohee et al. v. Turner & Wiggins*, 37 Okla. 778, 132 Pac. 1082; *First Nat. Bank of Ada v. Womack, ante*, p. —, 156 Pac. 207. In each of these cases, there was doubt or ambiguity as to whether the parties acted in a representative or individual capacity; and the court allowed parol evidence to be admitted in order to explain the capacity in which the parties acted. There is no doubt or ambiguity as to who is the beneficiary in the note under consideration. It specifically designates the real party in interest to be the Automatic

Stores Company. This being true, there was no doubt or ambiguity which was necessary to be explained by parol testimony; and it was error for the court to allow such testimony for the purpose of establishing the fact that the real party in interest was not the Automatic Stores Company, but any one who might pay the $8,000 note, or might loan money with which to pay it, which in this case is shown to be W. F. Whittington. It might be argued that, inasmuch as the defendant W. R. Roberts and W. F. Whittington were joint makers of the $8,000 note, and Whittington was compelled to pay the same, there should be a subrogation; but this cannot be true, in view of the fact that Ida M. Roberts was not a party to that note nor a party to the agreement which is alleged to have taken place at the time the note in controversy was delivered. The record is also silent as to any assignment from the Automatic Stores Company to W. F. Whittington which would entitle Whittington to maintain this action; and there is no showing in this record that Whittington had possession of the note from which a presumption could be indulged that he was the owner. It is clearly an attempt to substitute W. F. Whittington in the place of the Automatic Stores Company as beneficiary in this note, which has the effect of varying the terms of the note by a change in the beneficiary. We, therefore, conclude that W. F. Whittington, not being the beneficiary in the note, cannot be the real party in interest; and that the evidence as to this fact, tending to vary the terms of the contract by a change in the beneficiary, is inadmissible.

The judgment should therefore be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.