L & H BUILDERS SUPPLY, Appellant, v. THE BOYD COMPANY, a Nevada Corporation; UNITED STATES FIDELITY AND GUARANTY COMPANY; PAUL W. LOWDEN; and BOB CRAIG & ASSOCIATES, INC., a Nevada Corporation, Respondents.

No. 8933

December 6, 1977                    571 P.2d 1167

---

*Robert K. Dorsey,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins* and *Lenard E. Schwartzer,* Las Vegas, for Respondent The Boyd Company.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondent United States Fidelity and Guaranty Company.

*Wiener, Goldwater & Waldman,* Las Vegas, for Respondent Lowden.

*James L. Buchanan, II,* Las Vegas, for Respondent Bob Craig & Associates, Inc.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment in favor of Respondent The Boyd Company in an action brought by Boyd to collect fringe benefit funds owed the Building and Construction Trades Council.

The background of the instant case arose when appellant, L & H Builders Supply, filed suit against Bob Craig & Associates, Inc. (hereafter "Craig"); its surety, United States Fidelity and Guaranty Company (hereafter "Surety"); and others, for moneys due and owing for goods sold and delivered. A default judgment against Craig was entered. Summary judgment against Surety was entered, but execution was stayed until determination of Surety's counterclaim and third-party complaint in interpleader, described below.

Boyd, administrator of various union trust funds, had also filed suit against Craig and Surety, alleging failure to make certain payments to the funds, in violation of a collective bargaining agreement. Surety answered, alleging multiple claims in excess of its $5,000 contractor's licensing bond. Surety's counterclaim and third-party complaint in interpleader sought a determination of its liability under the bond to various claimants, including: L & H, with a claim of $1,825.75; Boyd, with

a claim for the full $5,000; and various other suppliers with aggregate claims amounting to some $2,600.

The two cases were consolidated. Boyd then moved for summary judgment for the full amount of its claim, on the ground that claims for fringe benefits were entitled to priority over claims of materialmen, relying on NRS 624.270 and citing Genix Supply Co. v. Board of Trustees, 84 Nev. 246, 438 P.2d 816 (1968).

Boyd's motion was supported by an affidavit of Max Welling, administrative assistant of Boyd, who stated that it was "the function of the Boyd Company as administrator of the Joint Trust Funds to oversee the collection of payment of fringe benefit contributions to the Joint Trust Funds." According to Mr. Welling, Craig had bound itself to make certain payments to the Joint Trust Funds under articles of agreement with the Building and Construction Trades Council of Clark, Lincoln, Nye, and Esmeralda Counties. No copy of the collective bargaining agreement or of any agreement between Boyd and the Trades Council or trustees of any of the trust funds was submitted by Boyd. Copies of monthly remittance reports submitted by Craig for the period in question indicate that checks were to be made out to the trust funds directly and that the forms were to be sent to various savings and loan institutions. Boyd was not mentioned.

L & H, in opposition to Boyd's motion for summary judgment, urged that Boyd was not a real party in interest as required by NRCP 17(a), and that *Genix* should no longer apply, because of subsequent amendments to the relevant statutes.

Summary judgment in favor of Boyd was granted. Boyd was found entitled to judgment from Surety in the amount of $4,616.89, and from Craig in the amount of $461.68 plus costs. The remainder of the bond, $383.11, was ordered paid to L & H.

L & H contends that Boyd is not a real party in interest, since it has claimed only to be an administrator authorized to collect the funds which are the subject of this action. L & H's contention is correct; neither the allegations of Boyd's complaint nor the affidavit and documents submitted by Boyd have established that Boyd is a real party in interest.

The real-party-in-interest requirement of NRCP 17(a) specifies: "An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name. . . ."

The language of NRCP 17(a) duplicates the language of F.R.C.P. 17(a), of which it has been said: "The meaning and object of the real party in interest provision would be more accurately expressed if it read: *An action shall be prosecuted in the name of the party who, by the substantive law, has the right to be enforced.*" 3A Moore's Federal Practice ¶ 17.02, at 17–13 (2d ed. 1948, 1977) (emphasis in the original).

Boyd contends that it is either an assignee for purposes of collection or the trustee of an express trust and therefore is a real party in interest. Neither of these contentions is supported by the record.

While the affidavit submitted by Boyd alleges that it was to "oversee the collection of payment of fringe benefit contributions to the Joint Trust Funds," nowhere does the affidavit allege that Boyd was the assignee of the claims or debts of the funds. Nor has Boyd alleged or supported by affidavit any other specific facts which would show the creation or existence of an express trust. Therefore, this argument must fail. School Dist. No. 42 v. Peninsular Trust Co., 75 P. 281 (Okla. 1904).

Boyd's supporting affidavit does not establish even that it was an authorized agent for purposes of suit to collect the funds owed the trust funds. According to the Second Restatement of Agency, § 72, comment d (1958): "Authority to receive payments does not include authority to institute legal proceedings. . . ." Even had Boyd established such authority, a mere power of attorney, without interest in the subject matter, would not entitle it to the status of a real party in interest. Peck v. Dodds, 10 Nev. 204 (1875); Restatement (2d), Agency, §§ 363–365 (1958).

Since Boyd has not established that it is a real party in interest, we reverse.[1]

---

[1]The Governor designated Hon. Stanley A. Smart, Judge of the Third Judicial District, to sit in place of HON. GORDON THOMPSON, JUSTICE, who was disabled. Nev. Const. art. 6, § 4.