BACK STREETS, INC., a Nevada Corporation, dba BACK STREETS COCKTAIL LOUNGE, Appellant, v. WILLIAM CAMPBELL, ALEX SCHOOFEY, AL BRAMLET, BEN SCHMOUTEY, JACK STAFFORD, BOARD OF TRUSTEES OF INSURANCE TRUST FUND OF EMPLOYERS AND UNIONS, KEITH ASHWORTH, HARRY RUGG, LEO LOUIS, AL BRAMLET, BEN SCHMOUTEY, JACK STAFFORD, BOARD OF TRUSTEES OF THE NEVADA RESORT ASSOCIATION-CULINARY WORKERS AND BARTENDERS PENSION TRUST FUND, Respondents.

No. 10011

October 15, 1979                                601 P.2d 54

*Keefer, Clark & O'Reilly,* and *R. Steven Young,* Las Vegas, for Appellant.

*Ashleman, Sabbath & Rohay,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal arises out of a judgment awarding respondents damages resulting from appellant's breach of a written collective bargaining agreement. Appellant asserts that the evidence before the trial court was insufficient to establish the existence of the contract. We find substantial evidence in the record to support the judgment of the district court and therefore affirm.

At trial, respondents called Russell Smith, the general manager and fifty percent stockholder of appellant at the time of the signing of the alleged agreement. He testified that he had signed a union contract with the culinary union, that he was familiar with the terms of the agreement, and that he had obligated the corporation to make benefit payments to respondent trust funds for the benefit of appellant's employees. Pearl Peterson, an employee of respondent trust funds, testified that she had calculated the amounts owed by appellant under the benefit provisions of the contract. She also testified that appellant, as the employer, was responsible, under the contract, for reporting changes in personnel which would vary the amounts owed. These reports were never made by appellant. The testimony of Smith and Peterson was uncontradicted. Appellant's resident agent was called, but had no knowledge of the personnel changes in the relevant period. Although the employment records of the corporation had been required by subpoena duces tecum, and he was aware of where they were kept, he did not produce them at trial. The written contract was not introduced in evidence, but appellant never objected to the testimony regarding its terms.

A contract is founded upon the meeting of the minds of the parties as to ascertainable terms. Smith v. Recrion Corp., 91

Nev. 666, 541 P.2d 663 (1975). The uncontroverted testimony of Smith and Peterson established that appellant had been bound to make specified payments to respondent trust funds on behalf of its employees and to report any change in their employment status, and that neither payments nor reports had been made. This is substantial evidence of the existence of a contract and of its breach by appellant. The amounts due under the contract were testified to by Peterson, and appellant introduced none of its records to dispute her testimony. We conclude that sufficient evidence is present in the record to justify the district court's decision.

Appellant's contention that introduction of the written contract into evidence was necessary is without merit. Appellant did not object to the offered testimony on the ground that the written contract was the best evidence of its terms; its right to object to the evidence was therefore waived. Sublett v. Henry's Turk & Taylor Lunch, 131 P.2d 369, 370 (Cal. 1942); Clevenger v. Potlatch Forests, Inc., 353 P.2d 396, 397 (Idaho 1960).

Appellant contends that respondents were not proper parties to bring the suit in the first instance. Respondents are the trustees of trust funds designated to receive the employer contributions toward health and welfare and pension benefit plans for employees covered by the agreement. They are real parties in interest, under NRCP 17(a), as trustees of an express trust which is a third party beneficiary of the agreement. Causey v. Carpenters Southern Nevada Vacation Trust, 95 Nev. 609, 600 P.2d 244 (1979); Lipshie v. Tracy Investment Co., 93 Nev. 370, 379, 566 P.2d 819, 825 (1977); Olson v. Iacometti, 91 Nev. 241, 246, 533 P.2d 1360, 1364 (1975). Cf. L & H Builders Supply v. Boyd Co., 93 Nev. 610, 571 P.2d 1167 (1977) (administrator of union trust funds not real party in interest).

The judgment is affirmed.