IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS L. CORNWELL, A NEVADA
RESIDENT,
Appellant,
vs.
NEIL E. SCHULTZ, A NEVADA
RESIDENT, A/K/A THE NEIL E.
SCHULTZ TRUST DATED JANUARY
29, 2016,
Respondent.

No. 82106

FILED

MAR 3 0 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order, pursuant to a bench trial, granting quiet title. First Judicial District Court, Carson City; James E. Wilson, Judge.

Respondent Neil E. Schultz acquired a promissory note from the nonparty promisee, George Soetje, in 2018. The promissory note, executed in 2003, was secured by a deed of trust to a parcel of land at 2355 Columbia Way, Carson City ("the property"). Appellant Thomas L. Cornwell had acquired title to the property in 2017 via a quitclaim deed granted to him by nonparty Karen Lynn Clarke, the promisor to the 2003 promissory note. Cornwell lives in a mobile home classified as personal property, to which he does not retain title, that sits on the property. Schultz initiated a nonjudicial foreclosure of the property following his acquisition and recordation of the assignment of the deed of trust. The Neil E. Schultz Trust, of which Schultz is a trustee, purchased the property at the trustee's sale. Schultz filed this quiet title action after Cornwell refused to leave the property. After a bench trial, the district court concluded that Schultz acquired superior title to the property pursuant to a valid nonjudicial

22-09920

foreclosure because the promissory note, secured by the deed of trust to the property, was in default. This appeal followed.

*The district court did not abuse its discretion in admitting hearsay testimony, and substantial evidence otherwise supports the district court's findings of fact and conclusions of law*

Cornwell argues that Schultz relied exclusively on inadmissible hearsay evidence to prove the default of the promissory note: (1) a sworn declaration by Soetje that Clarke failed to make any payments on the note since June 2010;[1] (2) testimony by Schultz that Soetje told him that the last payment made on the note occurred in 2010; (3) Cornwell's testimony, which Schultz characterizes as corroborative of his own testimony, that Soetje told Cornwell "that no payments had been made on the [promissory] note since May 2010," but that Cornwell "ignored these statements," instead believing that Clarke "was making at least some payments"; and (4) a handwritten note from Soetje to a title company in which Soetje listed the principal balance, interest, and fees outstanding on the promissory note at the time Schultz acquired it. Cornwell contends that because Schultz failed to offer admissible evidence, the "district court improperly relied on" these pieces of inadmissible hearsay to conclude that Schultz acquired superior title, and Schultz failed to prove his quiet-title claim without these pieces of evidence.[2] We disagree.

---

[1] We do not consider whether the declaration was inadmissible hearsay because the district court never admitted it into evidence.

[2] We decline to review Cornwell's claims of error in the admission of Schultz's testimony and Soetje's handwritten note because he failed to object to these pieces of evidence below. *See Canfield v. Gill*, 101 Nev. 170, 171 n.1, 697 P.2d 476, 477 n.1 (1985) (declining to review admission of evidence because "[t]he failure to object to this evidence constitute[d] a waiver"). Cornwell's lack of legal representation and "alleged ignorance" of
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

We defer to the district court's findings of fact so long as substantial evidence supports them. *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). We define "substantial evidence as that which 'a reasonable mind might accept as adequate to support a conclusion.'" *Bacher v. Office of State Eng'r of Nev.*, 122 Nev. 1110, 1121, 146 P.3d 793, 800 (2006) (quoting *State Emp't Sec. Dep't v. Hilton Hotels Corp.*, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986)). Additionally, we review a district court's decision to admit evidence for an abuse of discretion. *Hansen v. Universal Health Servs. of Nev., Inc.*, 115 Nev. 24, 27, 974 P.2d 1158, 1160 (1999). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006).

Even if Cornwell's testimony constituted inadmissible hearsay, and the district court improperly admitted it, the error did not affect the outcome because Schultz's trustee's deed provided evidence for a reasonable mind to accept as sufficient to support the finding of fact that a default occurred.[3] Indeed, the district court's findings of fact do not even reference

---

the law does not "protect him from the consequences of failing to comply with" evidentiary rules and appellate procedure. *See Rodriguez v. Fiesta Palms, L.L.C.*, 134 Nev. 654, 659, 428 P.3d 255, 259 (2018), *modified on other grounds*, *Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 471 n.6, 469 P.3d 176, 180 n.6 (2020).

[3]Even if his hearsay testimony factored into the district court's decision, Cornwell never objected to Schultz's examination of him, instead offering a narrative unprompted by any particular question. And arguably, the statement was offered to show its effect on Cornwell, a nonhearsay reason, to admit the testimony, *see, e.g.*, *Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 362-63, 212 P.3d 1068, 1078 (2009) (explaining that a

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

the challenged portion of Cornwell's testimony. Instead, the district court referred repeatedly to the recitals contained in the trustee's deed, which stated, in relevant part, that a missed payment in June 2010, and continued missed payments thereafter, formed the basis to declare the note in default. Cornwell did not and does not challenge the authenticity of the deed, the admission of the deed into evidence, or the district court's reliance on the deed. *See Back Streets, Inc. v. Campbell*, 95 Nev. 651, 653, 601 P.2d 54, 55 (1979) (concluding that the "right to object to the evidence" on appeal was "waived" for failure to object to the evidence at its admission). Accordingly, we conclude that substantial evidence supported the district court's factual and legal conclusions on the status of the note, regardless of whether Cornwell's testimony constituted inadmissible hearsay.[4]

*The district court did not shift the burden of proof to Cornwell to prove superior title*

Cornwell contends that the district court's consideration of Cornwell's failure to provide admissible documentation to support his list of purported payments made towards the promissory note to conclude Schultz held superior title "improperly shift[ed] the burden of proof to" Cornwell. We disagree.

___

statement offered for a purpose other than its truth, such as "to show its effect on" the listener, makes the statement nonhearsay), such that the district court's decision to not strike it sua sponte falls within its wide discretion.

[4]Because substantial evidence supports the district court's factual finding regarding the default, and by consequence, the conclusion that the default permitted Schultz to foreclose on the property, we do not address Cornwell's challenge to the district court's alternative conclusion that the due-on-sale clause permitted Schultz to conduct the foreclosure sale.

We review de novo the district court's application of the legal principles of burdens of production and persuasion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014). We conclude that the district court did not shift the burden to Cornwell to prove the quiet-title claim, *see W. Sunset 2050 Tr. v. Nationstar Mortg., L.L.C.*, 134 Nev. 352, 354, 420 P.3d 1032, 1034-35 (2018) (noting that the plaintiff bears the burden to prove "good title" (internal quotation marks omitted) (quoting *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996))), because the court merely permitted Cornwell to come forward with rebuttal evidence to show that payments were made, *cf. Weaver v. State Dep't of Motor Vehicles*, 121 Nev. 494, 501, 117 P.3d 193, 198 (2005) (concluding that the decision to allow a party to present evidence to rebut the administrative law judge's conclusion "did not shift the burden of proof"). Contrary to Cornwell's argument, the district court referenced Cornwell's general failure to provide any documentation or proof to substantiate his testimony that Clarke made the payments, despite that he did not make the payments and that he did not know whether Clarke missed payments. As discussed above, substantial evidence supports the fact of default. Without any rebuttal evidence from Cornwell, that evidence supported the foreclosure. Thus, the district court did not improperly shift the burden to Cornwell to prove that he held superior title.[5]

---

[5]We decline to address Cornwell's final argument that equity requires he receive protections provided to homeowners in proceedings for nonjudicial foreclosures to correct for the perceived "inequitable" circumstances of this quiet-title action. Not only does Cornwell raise the argument for the first time on appeal, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (explaining that "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed *continued on next page...*

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

---

to have been waived and will not be considered on appeal"), but also he fails to cogently argue the claim, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to address arguments where party failed "to cogently argue" them). His reliance on our statement that equity jurisdiction "consider[s] the entirety of the circumstances that bear upon the equities," *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 63, 366 P.3d 1105, 1114 (2016), divorces the principle of equity from the various rules and doctrines that comprise it, *see generally* 27A Am. Jur. 2d *Equity* § 2 (2021) (explaining that the concept of equity does not permit courts to fashion relief "without regard to precedents and established principles"). Cornwell identifies no applicable equitable doctrine to warrant voiding the foreclosure sale and applying the protections applicable to foreclosure of homes to the foreclosure of a parcel of land. The court's equitable powers do not exist to vindicate a party's perception of subjective unfairness in the legal outcome.

Because we do not address Cornwell's equity argument, we do not need to reach Schultz's argument that the limitations periods in subsections (5) and (6) of NRS 107.080 bar Cornwell's challenge to the foreclosure sale.

cc: Hon. James E. Wilson, District Judge
Garman Turner Gordon
John Bartlett, Attorney at Law
Carson City Clerk
Legal Aid Center of Southern Nevada, Barbara E. Buckley, Executive Director
Anne R. Traum, Coordinator, Appellate Litigation Section, Pro Bono Committee, State Bar of Nevada