WILSON, *Plaintiff in Error*, v. POLK COUNTY.

In Banc, November 14, 1892.

1. **Practice**: DEMURRER. A demurrer in the language of the statute "that the petition does not state facts sufficient to constitute a cause of action" is sufficiently specific.

2. ———: ———. Where the demurrer states the above ground of objection and also other specific objections to the petition, the demurrant will not be restricted to the latter unless so limited in the demurrer itself.

3. **County Bonds**: VOTE OF PEOPLE: CONSTITUTION: STATUTE. The authority given by the charter of the Laclede & Fort Scott Railroad Company (Laws, 1859-60, p. 438) to a county to subscribe to the capital stock of said company without the assent of a majority of the resident voters voting at an election thereon was repealed by section 2 of the Acts of March 23, 1861 (Laws, 1860-1, p. 60), and by the provisions of the Constitution of 1865. (*State ex rel. Wilson v. Garroutte*, 67 Mo. 445, *followed.*)

4. ———: ———: ———: IMPAIRING OBLIGATION OF CONTRACTS. Said repeal was not, as to future subscriptions, violative of the provision of the United States constitution, prohibiting a state from passing "a law impairing the obligation of contracts."

5. **Pleading**: TRUSTEE. One suing as trustee must state the facts showing the trust relation.

*Error to Polk Circuit Court.*

AFFIRMED.

*M. Kinealy* and *James R. Kinealy* with *Adiel Sherwood* for plaintiff in error. .

(1)   Points 1, 2 and 3 of the demurrer merely raise the question of the power of the county court to subscribe for the stock, without a previous vote of the people.   On this question this court down to 1878 uniformly held that the rights of the railroad company to subscriptions of stock made by the counties under section 14 of the charter (Laws of 1859–60, p. 438) were not and could not have been taken away by the act of March 23, 1861, or by the constitution of 1865. *Smith v. Clark Co.*, 54 Mo. 70; *State v. County Court*, 51 Mo. 522; *State v. Macon Co.*, 41 Mo. 453.   (2)   The supreme court of the United States, which, as to the question of the impairment of the contract, is the court of last resort, says, in *Dallas. Co. v. McKenzie*, 110 U. S. 684, that the validity of bonds issued by the counties in payment of stock subscriptions made under the authority of that charter of the Fort Scott Railroad Company "is no longer an open question."   In fact not only was the charter a contract which could not be impaired by any state legislation, but the construction put upon the charter by the courts, both state and United States, became a part of the charter and rendered indelible its character of a contract as to such subscriptions, and made the amounts unpaid upon such subscriptions property which could not be impaired by subsequent adverse decisions.   Hence, we submit that the court of final resort having pronounced those subscriptions valid, and the question no longer an open one, its ruling ought to be followed in this court.   (3) The fourth point of the demurrer is not well taken. The statement is full and ample, and alleges every fact essential on a general demurrer for failure to state facts constituting · a cause of action.   *Cockerill v. Stafford,*

102 Mo. 57; *Beeker v. City,* 94 Mo. 379; *Werth v. City,* 78 Mo. 108. (4) Until some reason is shown in support of the fifth point, we do not think it requires extended notice. This suit was instituted within five years after the alleged dissolution by insolvency, and cessation from business, of the railroad company. *Garesche v. Lewis,* 15 Mo. App. 197.

*Upton & Skinker* with *J. W. Ross* for defendant in error. '

(1) The subscription having been made by the county court, without submitting the question to a vote of the citizens of the county, it was absolutely void. "There is no vested right in a railroad company to a subscription until it is actually made, and until that event occurs the legislature may alter the method whereby such subscription is to be made without infringing any right." *State ex rel. v. Garroutte,* 67 Mo. 445; *State ex rel. v. Dallas Co.,* 72 Mo. 329; *State ex rel. v. Walker,* 85 Mo. 41; *State ex rel. v. Harris,* 96 Mo. 29. (2) Plaintiff's petition wholly fails to state any acts performed by the county court which constitutes a legal subscription to the capital stock of said railroad company. Plaintiff merely states that "said court, due proceedings in that behalf being first had, did make and enter of record its order to subscribe for, and did, by its acts and order, then and there duly subscribe for." This is not pleading the performance of a condition precedent in a contract; nor is it cured by our statute which provides that, in pleading a judgment, "it shall not be necessary to state the facts conferring jurisdiction." Plaintiff makes no attempt to set out the judgment or order of the county court, but merely states what he conceives to be the legal effect of it. His statement is merely a conclusion of law, which

is equivalent to no statement. Bliss on Code Pleadings [1 Ed.] sec. 210; *Pier v. Heinrichoffen*, 52 Mo. 333; *Kerr v. Simmons*, 82 Mo. 269; *State ex rel. v. Hudson*, 13 Mo. App. 61. (3) Plaintiff's statements that the judgments were "duly assigned" to him, without stating who "duly assigned" them, and his statement that he owns the bond as trustee, without stating any facts to show that he is trustee, are mere conclusions of law, and show no right of action in plaintiff. *Dyer v. Krayer*, 37 Mo. 603; *Bank v. Donnell*, 35 Mo. 373; *Smith v. Dean*, 19 Mo. 63. (4) The petition does not show any power in the county court to subscribe for said railroad stock. This is a fatal defect. *Donaldson v. Butler Co.*, 98, Mo. 163; *Cook v. Putnam*, 70 Mo. 668. (5) It is apparent from plaintiff's printed abstract of the record that this suit is barred by the statute of limitation.

### STATEMENT.

GANTT, J. — This action was commenced and made returnable to the April term, 1889, of the circuit court of Polk county.

Omitting the caption the petition is as follows:

"Plaintiff states that defendant is, and at all times hereinafter mentioned was, a county of the state of Missouri, and that the Laclede & Fort Scott Railroad Company was a corporation duly organized under and by virtue of an act of the general assembly of the state of Missouri, approved January 11, 1860, entitled, 'An act to incorporate the Laclede & Fort Scott Railroad Company;' that afterwards said corporation accepted the provisions of said act, and organized and did business under and by virtue of said act, and afterwards due proceedings in that behalf being had the

VOL. 112—9

name of the corporation was changed to 'the St. Louis & Western Railroad Company.'

"Plaintiff further states that after said corporation organized and did business as aforesaid and accepted said act, to-wit:   On the —— day of ——, A. D. 1871, the county court of defendant Polk county, at a regular session of said court, due proceedings in that behalf being first had, did make and enter of record order to subscribe for, and did by its acts and order, then and there duly subscribe for, twenty-five hundred shares of the capital stock of the said Laclede & Fort Scott Railroad Company, which subscription was then duly accepted by said company, and did afterwards, by an order duly made, appoint an agent to represent said county as to said shares of stock, so subscribed for by said county, and for said county to vote said shares of stock at all meetings of the stockholders of said corporation, all of which orders appear of record, on the records of said court to which reference is hereby made."

"Plaintiff further states that no vote of the people or citizens of said county was taken on the question of the making of said subscription by said county to the capital stock of said corporation, under the provisions of the act of the general assembly of the state of Missouri, approved March 23, 1861, entitled 'An act supplemental to an act entitled an act to authorize the formation of railroad associations and to regulate the same,' approved December 13, 1855, because the said act herein first mentioned entitled 'An act to incorporate the Laclede & Fort Scott Railroad Company,' was a contract between the state of Missouri and the said Laclede & Fort Scott Railroad Company, and by virtue of the provisions of said section 10 of article 1 of the constitution of the United States of America, was not affected or impaired in any respect

by the provisions of said act approved March 23, 1861, and that in and by section 14 of said act, entitled 'An act to incorporate the Laclede & Fort Scott Railroad Company,' it is provided that 'It shall be lawful for any county court of any county in this state to subscribe to the "stock of said company," meaning the said Laclede & Fort Scott Railroad Company, and may appoint an agent to represent the county to vote for it,' meaning thereby to vote said shares of stock at all meetings of stockholders of said corporation, 'and to receive its dividends,' meaning any dividends which said corporation might declare on said shares subscribed for by said county or to be subscribed for by it.

"Plaintiff further states that afterwards said county, defendant herein, by its duly authorized *agent* above mentioned, appointed as above stated, voted said twenty-five hundred shares of stock, subscribed for by it as aforesaid, at various meetings of the stockholders of said corporation, but it did not pay for said shares in whole or in part, and did not issue any bonds or obligations for the payment thereof, in whole or in part, and said county defendant herein is now the holder and owner of said twenty-five hundred shares of said stock and the amount thereof, to-wit, $250,000 is now due by said county, and is wholly unpaid."

"Plaintiff further states that the said subscription of defendant herein to the capital stock of said Laclede & Fort Scott Railroad Company was duly accepted by said company at the time it was made, and that all the stock of said corporation, being the entire amount authorized by its said act of incorporation, was duly issued long prior to the dissolution aforesaid of said corporation. Plaintiff further states that all the stock of said Laclede & Fort Scott Railroad company, save about five hundred shares, is held by counties not

within the jurisdiction of this court, and by insolvent non-residents of this state.

"Plaintiff further states that the St. Louis & Western Railroad Company did, on or about July 1, 1884, become insolvent and cease to do business or to use its property or franchises, and became and was dissolved, and has now no property to pay any of its debts; that on October 15, 1887, one Hugh Loonan recovered judgment against the said St. Louis & Western Railroad Company for $15,221.90 with interest, in the circuit court of the city of St. Louis, which judgment is in full force and effect and is wholly unpaid; that execution was duly issued thereon and returned unsatisfied, and that before this suit was commenced said judgment was duly assigned for value to plaintiff who now owns the same, and is the holder thereof; that plaintiff as trustee holds and owns a certain bond dated December 2, 1879, whereby the said Laclede & Fort Scott Railroad Company for value received promised to pay to Michael Kinealy, or order, three years after date, $10,000 with interest, on which $11,000 with interest is due and unpaid.

"Plaintiff further states that on January 15, 1889, in the circuit court of the city of St. Louis, Louis A. McGinnis, to the use of Mrs. Sarah J. Kinealy, recovered judgment against the said St. Louis & Western Railroad Company for $13,260.40 with interest, which judgment is now in full force and effect and wholly unpaid, and is now held by plaintiff as trustee, and that said judgment appears of record in said circuit court of the city of St. Louis. Wherefore plaintiff prays judgment for the said sum of $250,000, or so much as will be necessary to pay said debts, the said judgment obtained by said Loonan to be paid in full before any of the other above-mentioned debts of said corporation."

At the return term, defendant filed the following demurrer:

"Comes now the defendant in the above-entitled cause and demurs to the petition of plaintiff for the following grounds of objection, to-wit: *First.* Said petition does not state facts sufficient to constitute a cause of action against the defendant. *Second.* Said petition alleges that the subscription to the capital stock of the Laclede & Fort Scott Railroad Company, alleged to have been made by defendant, was made without the question having been submitted to voters of said Polk county, and the same is, therefore, void, and cannot be enforced. *Third.* Said petition wholly fails to show any power in the county court of Polk county to make the subscription alleged to have been made. *Fourth.* Said petition fails to allege any act performed by the county court of defendant which constitutes a legal subscription to the capital stock of said railroad company, and with regard to said subscription said petition alleges no facts but simply a legal conclusion. *Fifth.* Said petition shows on its face that the plaintiff's supposed cause of action is barred by the statute of limitation. For which reason defendant prays to be discharged from further pleading to said petition."

And this demurrer coming on to be heard the court sustained it, and rendered judgment as follows:

"Now comes the defendant by her attorney, also came on to be heard the demurrer of the defendant heretofore filed April 22, 1889, which demurrer being seen and heard and fully understood is by the court sustained. It is, therefore, considered and adjudged by the court that the plaintiff take nothing by his said suit, and that the said defendant go hereof without day and have and recover of and from said plaintiff her

costs and charges in this behalf expended, for which execution may issue."

The case comes to this court on a writ of error, and plaintiff in error assigns as errors in this court that the court sustained the demurrer to his petition, whereas the demurrer should have been overruled on every point raised in it. And that the Missouri laws and constitutional provisions and the later Missouri interpretations thereof, requiring a vote of the people to validate subscriptions by counties for the stock of the Laclede & Fort Scott Railroad Company, impair the obligation of the contract between the state of Missouri and that company embodied in its charter, and withhold the property of said company from its creditors, all in violation of the constitution of the United States and of the amendments thereof.

### OPINION.

I. The first ground of demurrer is that the petition does not state facts constituting a cause of action. The plaintiff in error contends that inasmuch as defendant assigned other specific objections to the petition the argument should be confined to the particular objections. Had defendant so limited his demurrer, this would be the correct practice, but this court held in *Bank v. Haden*, 35 Mo. 358, that, "when the petition fails to state a cause of action, a demurrer assigning this ground in the language of the statute is sufficient." The same rule was adhered to in *State v. Weeks*, 77 Mo. 496; *Morgan v. Bouse*, 53 Mo. 219; *Jordan v. Railroad*, 61 Mo. 52.

II. The petition discloses on its face "that no vote of the people or citizens of said county was taken on the question of the making of the alleged subscription of Polk county to the Laclede & Fort Scott Railroad Company."

The pleader recognized that this court had held in *State ex rel. v. County Court*, 72 Mo. 329, that the act of March 23, 1861, withdrew the power conferred on county courts by "the charter of the Laclede & Fort Scott Railroad Company," approved January 11, 1860, to subscribe to the stock of that company without first submitting the question to the vote of the people; but, with a view evidently of testing the constitutionality of the act of 1861, he alleges that the act to incorporate the Laclede & Fort Scott Railroad Company was a contract between the state and said railroad, and was not affected or impaired by the act of 1861. It is unnecessary here to repeat the reasons given in *State ex rel. v. County Court, supra*, and *State ex rel. v. Garroutte*, 67 Mo. 445, for holding that the act of 1861 had the effect of repealing the provisions of the charter of the Laclede & Fort Scott railroad, permitting county courts to subscribe to the capital stock without a vote of the taxpayers. We are entirely satisfied with the reasons given and the conclusion reached that said provision was intended to be repealed. *Norton v. Brownsville*, 129 U. S. 479; *Wadsworth v. Supervisors*, 102 U. S. 534; *Pleasant Township v. Ins. Co.*, 138 U. S. 67.

The only question now open is the effect of that repeal. Was it competent for the legislature to repeal that provision, and by so doing did it impair the obligation of the contract of the state with said railroad as evidenced by its charter? Section 14 of the charter makes "it lawful for the county court of any county in the state to subscribe to the stock of said company." The second section of the act of 1861 provides "it shall not be lawful for the county court to subscribe to the capital stock of any railroad company, unless the same has been voted for by the majority of the resident voters, who shall vote at such election under the pro-

visions of this act." It will be observed that the county court of Polk county made no attempt to subscribe to the stock of said railroad company, until ten years after the act of 1861 was passed and approved. The subscription had neither been made by the county court or accepted by the company, when the act of 1861 was passed. Before the charter was granted, or the act of 1861 had been passed, the supreme court of the United States in *Aspinwall v. Commissioners* (1859), 22 How. 364, unanimously held that "authority given in a railroad charter to a county to take stock, and issue bonds therefor if a majority of the voters so determine, *was not a contract*, but a mere authority conferred upon the county in its public capacity, *and might be repealed even after a vote, at any time before the subscription has been made or agreed to be made.*" *Railroad v. Commissioners*, 6 Kan. 256; *Jeffries v. Lawrence,* 42 Iowa, 498.

The inhibitions of section 10 of article 1 of the constitution of the United States is against "impairing the obligation of *contracts.*" Now, "a contract is an agreement between two or more competent parties, touching a legal subject-matter, for a valuable consideration." Prof. J. B. Minor, University of Virginia. Measured by this test, what element of a contract existed when the repealing act of 1861 was passed? None whatever. But it is argued that this court in the case of *State ex rel. v. County Court*, 41 Mo. 453; *State ex rel. v. County Court*, 51 Mo. 522, and *Smith v. Clark Co.*, 54 Mo. 70, decided subscriptions like this valid, and that this subscription being made subsequently to those decisions became by virtue of those decisions a contract. Recognizing the full force of those decisions of the supreme court of the United States, that when negotiable instruments have been issued upon the faith of decisions of this court, and are held by innocent

holders for value, that subsequent decisions of this court, holding such instruments unauthorized and invalid, will not be followed by that court, we yet think that those decisions do not affect this case. This court has reversed itself as to the effect of the act of 1861, and the constitution of 1865, on county and other municipal bonds, and this is its prerogative. The supreme court of the United States has often done the same thing.

While the rule laid down in the Macon county and Clark county cases was the recognized law of this court, an innocent purchaser of bonds predicated on those opinions might well complain if a subsequent decision of the supreme court declared them invalid, but the plaintiff here occupies no such position. According to the allegation of his petition no part of the indebtedness of the Laclede & Fort Scott railroad to him accrued until December 2, 1879, and subscriptions like the subscriptions of Polk county to said railroad had been declared utterly void in *Wilson v. Garroutte*, 67 Mo. 445, in April, 1878, nearly two years before; so that in this case we are not constrained by the rules governing negotiable securities, nor have we before us an innocent purchaser for value without notice. The petition nowhere discloses the nature of the indebtedness nor the time it accrued, upon which the two judgments in favor of Hugh Loonan and Louis McGinnis were obtained. There is nothing to show they accrued till 1887, nearly ten years after this court had declared the subscription, if any, invalid and unauthorized; so that, both upon the principle of that decision, and because we think a proper construction of the act of 1861 and of the constitution of 1865 deprived Polk county court of the power to subscribe to the said railroad without a vote of the tax-

payers, the demurrer was properly sustained. *Pleasant Township v. Ins. Co.*, 138 U. S. 67.

III. The allegation of trust in the plaintiff as to the judgments of Loonan and McGinnis are insufficient to give him any standing in court. No facts are stated out of which the trust relation grew. Our code requires the facts to be stated. We cannot tell the nature or character of this assumed trust. From the face of the petition Louis A. McGinnis is the trustee of Mrs. Kinealy. Does the pleader mean that said McGinnis has resigned, or been removed by competent authority and plaintiff appointed in his stead? If so, he ought to say so. His allegation that he is a trustee without stating the facts which constitute him trustee is but a legal conclusion and insufficient. *Hoester v. Sammelmann*, 101 Mo. 619; Bliss on Code Pleading [2 Ed.] sec. 211; *Reed v. Bott*, 100 Mo. 62; *Smith v. Sims*, 77 Mo. 269; *Mateer v. Railroad*, 105 Mo. 320.

IV. The allegation of the assignment of the Loonan judgment is sufficient. It is clearly implied that the owner for value assigned it.

For these reasons, we think the circuit court properly sustained the demurrer, and its judgment is affirmed. All concur.