## Sansom, Trustee v. Ayer & Lord Tie Company.

(Decided September 27, 1911.)

### Appeal from Laurel Circuit Court.

1. Trustee—One Suing As—Cestui Que Trust Not Named in Petition.— It was error for the circuit court to sustain a demurrer to the petition of the trustee in an action of trespass to realty on the ground that the petition did not contain the name of the cestui que trust.

2. Same.—Under section 21 of the Civil Code of Practice, one suing as trustee is to be regarded as the trustee of an express trust.

3. Same—Word "Trustee" Descriptive.—Where the petition does not show that any other person owns or has an interest in the lands in controversy, the word "trustee" used in connection with his name as plaintiff should be treated as merely descriptive of the person.

SAM C. HARDIN for appellant.

C. C. GRASHAM, H. J. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought to recover damages for a trespass to realty. A special demurrer was filed to the petition by appellee upon the ground that it manifested

a defect of parties. The demurrer was sustained by the circuit court, and appellant failing to amend, judgment was entered dismissing his petition, and he has appealed.

The only question presented by the record for our decision, is, was the action of the circuit court in sustaining the demurrer error? The petition is styled R. H. Sansom, Trustee, and neither in the caption nor body thereof is there a cestui que trust named, or a trust expressed. Section 21 of the Civil Code of Practice provides:

"A personal representative, guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom, or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

We are of opinion that appellant is to be regarded as the trustee of an express trust in the meaning of the section of the Code, supra. The weight of authority seems to be that where an instrument vests title in one as trustee without disclosing on the face of the instrument the nature of the trust, or the name of the cestui que trust, then the word trustee is merely descriptive, and the ownership vests in the individual in fee; or to differently express our meaning, when the instrument creating the trust fails to disclose the beneficiary of the trust, the trustee named takes in fee and may convey the title without the joinder of the cestui que trust.

As the petition in this case does not show that any person other than the appellant owns, or has an interest in the lands in controversy, we think the word "trustee" used in connection with his name as plaintiff, should be treated as merely descriptive of the person. If, following the filing of an answer denying his title to the land, the case had proceeded to trial and the deed or other instrument through which he claims title, upon being introduced in evidence, had disclosed that the title was made to him in trust for another person or persons named therein, it would have been ground for a nonsuit; but if the instrument evidencing his title was simply to him as trustee, without disclosing the cestui que trust, his right to maintain the action as trustee without mak-

ing the cestui que trust a party, could not have been questioned.

It is only for a defect of parties appearing on the face of the pleading that a special demurrer will lie, and no such defect appears upon the face of the petition under consideration.

In Gold v. Boland, Agent, 29 R., 173, which was an action brought by Boland as agent without disclosing the name of his principal or the character of the agency, we held that the ruling of the circuit court in refusing to sustain the special demurrer to the petition because of a defect of parties plaintiff was proper. In that connection it is said in the opinion:

"The appellant contends that the court erred in refusing to sustain a special demurrer because of a defect of parties plaintiff; he suing as agent; his principal, the real party in interest, not being a party thereto. There is not anything in the record tending to show that any person owns or has an interest in the land in controversy other than the appellee, except the word, agent, used in the caption of the pleadings after his name; the conveyance of this land to appellee was made in the same way; that is, to J. W. Boland, agent, without stating for whom he was agent, if any one. If appellee was agent for another, he holds the property in trust and by virtue of section 21 of the Code, he was authorized to maintain this action without joining with him the person for whose benefit the action was prosecuted. In such event, he was trustee of an express trust. Admitting that appellee was an agent and holding this real estate for his principal, the title to this property is in the appellee, and it is immaterial to the appellant whether he is the real owner, or whether he holds it as trustee for another."

The case, supra, and that of Criger v. Bissell, 80 Ky., 330, cited in the opinion, seem to be conclusive of the question under consideration.

In 31 Cyc., 103, it is said with respect to this question:

"It is sufficient to allege sufficient facts to show a cause of action in favor of the legal plaintiff, without showing the interest of the person beneficially interested. Nor need the latter be named."

Again, on page 100 of the same volume, it is further said on the same subject:

"In an action at law by the holder of the legal title

it is not necessary to give the name of the technical owner, nor need a trustee, plaintiff, state the name of the beneficiary."

In the light of these authorities it is patent that the ruling of the court in sustaining the special demurrer to the petition was error. The judgment is, therefore, reversed, with directions to that court to overrule the demurrer, and for such further proceedings as may be consistent with this opinion.