FRED W. WIEHTUECHTER et al. at the Relation and to the Use of the AMERICAN INTERNATIONAL MUSICAL & THEATRICAL UNION, LOCAL NO. 2, A Voluntary Trades-Union, Plaintiffs in Error, v. OWEN MILLER et al.

Division Two, December 23, 1918.

1. **VOLUNTARY ASSOCIATION: Power to Sue.** An unincorporated voluntary association, such as a labor union, can maintain a suit in its own name. In view of the language of Sections 2963, 2990 and 7109, Revised Statutes 1909, such an association has the status of a corporation, and the Act of 1915, Laws 1915, page 225, provides the method of service of process upon it.

2. ———: ———: **In Name of Another.** But the suit of a voluntary association should be prosecuted in the name of the real party in interest. If a local trades-union has authority to sue and be sued in its own name, its suit should not be prosecuted "at the relation and to the use" of an incorporated parent organization.

3. **POWER TO SUE: Plaintiffs For Themselves and Others.** In an action at law plaintiffs cannot bring suit for all others similarly situated, as in a suit in equity. They cannot bring suit in their own names merely because the members of the trades-union in whose behalf they sue are too numerous to be joined as plaintiffs.

4. ———: **Authorization by Labor Union: Trustees of Express Trust: No Contract.** Plaintiffs' right to bring suit "in a representative capacity, for the use and benefit of said voluntary trades-union, under power and authority vested in them by said union" is available to them only in case they bring themselves within the terms of the statute as "trustees of an express trust," which are technical words, and include only those "in whose name a contract is made." They cannot in such representative capacity maintain a suit for libel or other tort against the union or its members.

5. ———: **Plaintiffs as Agents.** Plaintiffs cannot maintain an action for libel as a friendly act to or as the authorized agent of other members of a local trades-union, because the suit would not be in the name of the real party in interest.

6. ———: ———: **Tort: Assignment.** It is possible that an assignment, for a valuable consideration, of a cause of action, though sounding in tort, by the real parties in interest, would authorize the assignees to sue.

7. ———: **Express Trust: In Personal Property.** The express trust which would authorize the trustee to sue must be a formal one. A trust in personal property may be created and proved by parol, but a parol trust must be clear and definite in its terms, and must embrace a definite subject, a definite object and a definite purpose.

8. ———: ———: **Cause of Action: Interest in Trade Mark.** An allegation that the members of a trades-union have an interest in a trade-mark, which is not connected with plaintiffs' right to sue in behalf of said members, is not an allegation of their authority to sue, nor an allegation that title to any property is vested in the plaintiffs as trustees.

9. ———: **Trade Union: Libel.** The individual members of a trades-union, or the union itself, cannot authorize a few of its members to sue for damages caused by libel of its members or libel of the union.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*F. W. Imsiepen* and *George F. Osiek* for plaintiffs in error.

(1) Local unions may be impleaded in their common name. Rhodes Bros. v. Musicians' Union No. 198, 37 R. I. [1915] 281. Or its members may be impleaded alone, under the law of principal and agent. Lawler v. Loewe, 235 U. S. 522. (2) It is shown that local union in suit is an aggregation of personal talents, which definition applies to an ordinary partnership as distinguished from an aggregation of capital, that the libelous publication complained of is leveled at the common name of the unincorporated branch as a unit of rights, in pursuance of a wrongful design to interfere with the carrying on of the scheme of the aggregation of talent in question, and that as a result the partnership or unincorporated branch as a unit of right, and the personal right of each member in the branch has sustained and will continue to suffer serious injury and financial loss. The libel designated the aggregation of talents in suit as "an unfair bunch" of musicians,

meaning an aggregation of tricky, dishonest men in character and in their acts and dealings doing business with men under the common name of the branch in suit. And is addressed to persons likely to deal with said unincorporated branch or aggregation of talents for the hire of music. (3) The law assumed that the aggregation of talents in suit associated together (as partners *inter se se,* Hammerstein v. Parsons, 38 Mo. App. 332) actively carrying on a lawful business scheme for the benefit of its members, and that each member is the active agent and trustee for the association and for every member, for the purposes of actively carrying on the business scheme, as distinguished from members of mere aggregations of capital, e. g., as in the nature of joint stock companies. Adams Express Co. v. Railroad, 126 Mo. App. 475. (4) The law naturally assumes from the attributes of the local branch that it is a unit of vested rights in the same sense of an ordinary partnership, and naturally assumes that the branch was injured in its vested rights by the defamatory libel and that the resulting injuries created the right to monetary damages and other equitable relief in due course; and that the rights flowing from said wrong are vested in said local branch separate and apart from any rights which may have accrued to its members individually as partners *inter se se.* Newell, Libel and Slander (3 Ed.), secs. 470, 472 *et seq.* (5) Restrictions upon the powers of a partner are not presumed and are matters between the members of the partnership; and restrictions can only be shown to have been imposed by articles of association or by separate contracts. 30 Cyc. 481, note 59; Bates v. Forcht, 89 Mo. 121; Murphy v. Cambden, 18 Mo. 122. And under the law of agency as applied to local branches any lawful or unlawful acts of a partner done in the line of his service, but without the express or implied consent of the other members of the firm may be ratified by the other members of the firm and fix liability on the branch and its members jointly and severally. Loewe v. Lawler, 208 U. S. 274, 235 U. S. 522; Adams Exp. Co. v. Railroad, 126 Mo. App. 475. The

rights of the local branch in suit acquired by the libel
in question are primarily the rights of the local branch
as a unit of rights. 30 Cyc. 530, note 16;   Beakes v.
Cunha, 126 N. Y. 293.  Each member has implied author-
ity to bind the local branch and every member thereof
by contracts executed in the name of the branch and
which are within the scope of the business of the
branch (including such contracts as relate to the prompt
suppression by due process of law of extraordinary
wrongs of the kind in suit).   30 Cyc. 481;   Murphy v.
Francisco, 65 Mo. 598.   Each member is jointly and
severally liable for a tort committed by the local branch,
equally with the local branch.   Rhodes Bros. v. Musi-
cians Local Union No. 198, 37 R. I. 281; Lawler v. Loewe,
235 U. S. 522.   (6) Plaintiffs in their representative
capacity as agents and trustees set up in their instant
petition a certain right which arises to the unincorpo-
rated St. Louis trades-union as a party plaintiff, namely,
the right to institute civil actions in the proper courts
of the State of Missouri for all proper relief for in-
juries naturally flowing to said local branch as a unit
of rights from defamatory libels of the kind complained
of.   Tennessee v. Davis, 100 U. S. 257;   *In re* Lennon,
166 U. S. 553;  Constitution of Missouri, Art. 2, sec. 10.

*Frank K. Ryan* for defendants in error.

(1) The demurrers were rightfully sustained by the
trial court, because the petition does not meet the re-
quirement of Sec. 1733, R. S. 1909, by joining as plain-
tiffs therein all the parties that are united in interest
in the matter set forth as a cause of action in said
petition.  Secs. 1733, 1729, R. S. 1909;  Miller v. Crigler,
83 Mo. App. 406;  Kamerick v. Castleman, 23 Mo. App.
493;  McLeland v. St. Louis Market Co., 105 Mo. App.
479;  Lilly v. Tobbein, 103 Mo. 488;  O'Rourke v. Kelly,
156 Mo. App. 95;  State ex rel. v. Johnson, 25 Mo.
App. 455;  24 Cyc. 829;  McLoughlin v. Wall, 81 Kan.
206;  Buckley v. Big Muddy Iron Co., 77 Mo. 107;
Adams Express Co. v. Metrop. St. Ry. Co., 126 Mo.

App. 475; Metrop. St. Ry. Co. v. Adams Express Co., 145 Mo. App. 375; Williams v. United States Express Co., 195 Mo. App. 365; Wilson v. Polk County, 112 Mo. 139. (2) The petition does not state facts sufficient to constitute a cause of action. Girard v. Breck, 3 E. D. Smith (N. Y.) 344; Ryckman v. Delevan, 25 Wend. 189; Dudley v. Briggs, 141 Mass. 582; Bradley v. Fuller, 118 Mass. 239; Democratic Publishing Co. v. Jones, 83 Tex. 652; Barbour on Parties (2 Ed.), p. 294; Newell on Libel and Slander (2 Ed.), sec. 21; State ex rel. v. Beardsley, 57 Mo. App. 574; Labor Review Co. v. Galliher, 153 Ala. 364; Watters, v. Retail Clerks' Union, 120 Ga. 426.

WHITE, C.—The defendants in this case filed a demurrer to the plaintiffs' petition, which attempts to state a cause of action for libel. The demurrer was sustained: plaintiffs declined to plead further, judgment was entered on behalf of defendants, and plaintiffs appealed.

The petition alleges:

"That plaintiffs are members of the American International Musicians' Union, Local No. 2; that said local union is a voluntary benevolent association or trades-union; that the members of said union are too numerous to be joined as parties plaintiff herein; that plaintiffs bring this suit in a representative capacity, for the use and benefit of said voluntary trades union, under power and authority duly vested in said plaintiffs by their said voluntary trades union; that said voluntary trades union also operates under the name of St. Louis Local No. 2, American International Musicians' Union, and has its office and place of business in the city of St. Louis in this State, and that said union is a member of a certain national trades union known as the American International Musical and Theatrical Union, and which latter union is a corporation duly organized and existing under and by virtue of the laws of the United States.

"That the members of plaintiffs' St. Louis Local Union No. 2, are all of the same class and that each

of them pursues his chosen calling as a musician for hire in the open market and subject to the rules and laws of said union, and with the aid of a certain trademark or working card duly issued to him by his said St. Louis Local Union No. 2, and which working card is hereinafter specifically described."

Then follow allegations of the defendants' membership in another association of musicians, and the petition proceeds:

"That plaintiffs' St. Louis Local Union No. 2, by virtue of its said membership in said parent body hereinbefore referred to, is and was at the time of defendants' wrongful and malicious acts, hereinafter referred to, the owner of a certain interest in and to a certain valuable property right, namely, the right to own and to hold and to use a certain device, trade-mark or working card, under the name and style of 'Universal Working Card, American International Musical and Theatrical Union, Incorporated, St. Louis Local Union No. 2, American Musicians' Union.'

"And by the terms of its said membership plaintiffs' St. Louis Local Union No. 2, was vested with, and at all times exercised, the right to issue one of its said working cards to each one of its individual members in good standing; that its said property right runs with said right of membership and that said property right is forfeited by the loss of membership.

"That said membership of plaintiffs' St. Louis Local Union No. 2, together with said property right which so runs with and is conditioned upon said membership in good standing in said incorporated parent body, is of the reasonable value of forty thousand dollars.

"That said membership and said property rights which so run with said membership are subject to forfeiture and loss in a proceeding duly had before its said parent body upon trial and conviction of tricky, dishonest or unfair methods or practices in its business relations with any other association of musicians or workingmen, or in its business relations with employ-

ers of musicians or for wrongfully or negligently permitting its members to engage in tricky, dishonest or unfair transactions in their business dealings with employers of musicians.''

The petition then alleges that it was the purpose of the organization to which the defendants belonged, and of its individual members, to deprive the St. Louis Local Union Number Two, of which the plaintiffs were members, of their membership in their parent organization; and in pursuance of that unlawful design falsely and maliciously published of plaintiffs' organization, by printed handbills, an alleged libelous article which is set out *verbatim,* in which the plaintiffs' union was designated as an outfit of unfair musicians; that thereby it ''was intended and meant to describe and designate, and was by the public understood to describe and designate, said American International Musical and Theatrical Union Local No. 2 as a voluntary association of musicians which existed and operated for unseemly and indecent, tricky and dishonest purposes, and had been guilty of unseemly, indecent, tricky and dishonest acts in its business relations with the public and was unworthy of the confidence and respect of the public for every purpose whatsoever, and in particular was unworthy of the confidence and patronage of all employers of musicians.'' This publication was alleged to be false and libelous, to the injury of the American International Musical and Theatrical Union No. 2, in the sum of twenty thousand dollars. The plaintiffs prayed for judgment for twenty thousand dollars actual damages and twenty thousand dollars punitive damages.

I.    Several grounds are presented by the demurrer alleging affirmities in the petition, and among them:

That the plaintiffs had no legal capacity to sue.

That the petition did not state facts sufficient to constitute a cause of action.

The local organization on behalf of which this suit was brought was not incorporated. There is some discussion in the briefs as to whether such an association

could maintain a suit in its own name. While there have been some decisions in this State to the effect that an unincorporated association could not bring suit in its own name, under the present statute it is probable that such a suit might be maintained. Unincorporated joint-stock companies have been recognized as entities entitled to sue and be sued in this State, within and governed by statutes relating to corporations. [Williams v. U. S. Express Co., 195 Mo. App. 362; State ex rel. v. Railroads, 196 Mo. 523, l. c. 536, 537.] Voluntary associations, like the one here considered, are by the statutes classed with joint-stock companies. Section 2963, Revised Statutes 1909, is as follows:

*Voluntary Association.*

"The term 'corporation' *as used in this chapter,* shall be construed to include all joint-stock companies *or* associations having any powers or privileges not possessed by individuals or partnerships."

Sections 2990 of that chapter provides that every corporation shall have power "to sue and be sued."

The language of Section 2963 in extending the privileges and obligations of corporations to other organizations describes those other organizations included within the provisions of the chapter, as "those having any powers or privileges not possessed by individuals or partnerships." Some voluntary associations have such privileges which are given them by statute. Section 7109, Revised Statutes 1909, in defining a benefit association, declares it to be a "corporation, society *or voluntary association,* formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit," and sets out certain privileges which such association may enjoy and powers it may possess. The Legislature evidently understood that such associations could be sued, for by the Act of 1915 they provided a method for service of process upon them the same as upon corporations. [Laws 1915, p. 225.] The allegation of the petition is that the local union on behalf of which this suit is brought is a "voluntary benevolent association or trades-union"

(which, probably, would bring it within the terms of Section 7109), and that the parent organization is duly incorporated, although the local union on behalf of which the suit is brought is not. Now, if the local union has authority to sue and be sued in its own name then the suit is not prosecuted in the name of the real party in interest, as provided in Section 1729, Revised Statutes 1909.

II. Plaintiffs place their right to sue upon two grounds:

"First, that the members of said union are too numerous to be joined as parties plaintiff;

"Second, that plaintiffs bring this action in a representative capacity, for the use and benefit of said voluntary trades-union, under power and authority duly vested in said plaintiffs by their said voluntary trades union."

This being an action at law, the suit could not be brought by plaintiffs for themselves, and all other persons similarly situated, as might be done in equity. [Lilly v. Tobbein, 103 Mo. l. c. 488-489.] There-

Power to Sue. fore, they had no right to bring the suit in their own names merely because the members of the union were "too numerous to be joined as parties plaintiff." Organizations such as this union, for some purposes, are treated as partnerships; viewed in that light each individual member as a partner would have to be made a party. [Kuehl v. Meyer, 50 Mo. App. 648; State ex rel. v. Railroads, 196 Mo. l. c. 536.]

The second ground is available only if plaintiffs bring themselves within the terms of Section 1730, Revised Statutes 1909, as trustees of an express trust. The Legislature evidently intended the expression "trustee of an express trust" to have a strict technical meaning; for they found it necessary to enlarge it by including "one in whose name a contract is made."

There is no contract in the name of the plaintiffs in this case; it is not a suit which has any relation to a contract. They couldn't sue as a mere friendly act,

nor as the authorized agents of the other members, because in that case the suit would not be in the name of the real parties in interest. [State ex rel. v. Hawes, 177 Mo. l. c. 380-381.] It is possible that an assignment of the cause of action, though in tort, for valuable consideration, would permit plaintiffs to sue. [Snyder v. Ry. Co., 86 Mo. 613; Remmers v. Remmers, 217 Mo. l. c. 561.] But there is no allegation of such an assignment.

The express trust which would authorize the trustee to sue must be a formal one, such as is defined by Section 2868, Revised Statutes 1909. [State ex rel. v. Hawes, 177 Mo. l. c. 380-1; Harris Banking Company v. Miller, 190 Mo. l. c. 665; Carroll v. Woods, 132 Mo. App. 501.] That section applies only to real estate; a trust in personal property may be created and proved by parol. Nevertheless a parol trust must be clear and definite in its terms; there must be a definite subject, a definite object and a definite purpose of the trust. [Northrip v. Burge, 255 Mo. l. c. 654; Carroll v. Woods, 132 Mo. App. l. c. 501; Pitts v. Weakley, 155 Mo. l. c. 135.] What is the subject-matter of the trust in this case? The allegation of authority to sue is not in connection with any property or right. The property right mentioned in another part of the petition, the interest in a trade mark, is not by any allegation connected with a right to sue. It is not alleged that title to any property right is vested in the plaintiffs as trustees. There is no allegation showing a trust of which plaintiffs are trustees. [Kuehl v. Meyer, 50 Mo. App. 648; 35 Mo. App. 206.] The averment of authority to sue in a representative capacity does not state in what sort of representative capacity they may act. It is bad on demurrer, because it fails to allege the facts which would confer such authority. [Wilson v. Polk Co., 112 Mo. 126, l. c. 138; Hoester v. Sammelmann, 101 Mo. 619.]

It is difficult to see how it would be possible for the individual members of the union, or the union itself, to authorize some individuals to sue for the damages

threatened or inflicted, or for any damages caused by a libel of the members or libel of the order.

Other objections are presented to the petition which, in view of the ruling above, it is unnecessary to consider. The demurrer was rightly sustained.

The judgment is affirmed.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.