T. L. WITHERS, TRUSTEE, APPELLANT, v. ROCKLAND MINES COMPANY, A CORPORATION, RESPONDENT.

No. 3198

September 4, 1937. 71 P. (2d) 156.

*Painter, Withers and Edwards,* for Appellant:

*Thatcher and Woodburn* and *E. C. Short,* for Respondent:

## OPINION

By the Court, TABER, J.:

In November 1936 appellant, as plaintiff, filed his complaint in this action in the First judicial district court, Lyon County. Respondent, defendant in the district court, demurred to the complaint upon two grounds: First, that it does not state facts sufficient to constitute a cause of action; second, that plaintiff has not legal capacity to sue. The demurrer was sustained on both

grounds. Plaintiff elected to stand on his complaint, and his action was dismissed.

In the caption of the complaint plaintiff is designated "T. L. Withers, trustee." The body of the complaint opens with the following words: "Comes now T. L. Withers, in his capacity as trustee for certain investors in the Interstate Mining & Development Company, a corporation, and for cause of action against the defendant alleges as follows."

In substance, the allegations of the complaint, insofar as they relate to the questions on this appeal, are as follows:

Plaintiff is a citizen and resident of Reno, Washoe County, Nevada, and is trustee for certain investors in the Interstate Mining & Development Company, a Nevada corporation.

In May 1933 Charles Vignos and others, owners of certain-named mining claims in Mineral County, Nevada, and of certain specified improvements and personal property situate on said claims, leased and optioned said mining claims and property to said Interstate Mining & Development Company. A copy of this lease and option is attached to the complaint as exhibit A.

In April 1935 the Interstate Mining & Development Company, as such lessee, entered into a written operating agreement with H. M. Johnson for the purpose of mining, milling, and developing ore on said properties during the life of the aforesaid lease. A copy of the operating agreement is attached to the complaint as exhibit B. (Included in this agreement were certain other mining claims owned by the Interstate Mining & Development Company, and which were subsequently purchased at a bankruptcy sale by plaintiff as trustee, as appears later herein.)

Johnson thereafter sold and assigned said operating agreement to defendant (respondent), whereupon defendant entered into possession of said properties and ever since has mined and shipped large quantities of ores therefrom.

On January 21, 1936, said Interstate Mining & Development Company was adjudicated a bankrupt in the United States District Court, District of Nevada, and thereafter, on said last-mentioned day, a notice of forfeiture and cancelation of the aforesaid lease was served upon Interstate Mining & Development Company, and upon defendant. A copy of this notice of forfeiture and cancelation is attached to the complaint as exhibit C.

On June 4, 1936, in said federal court, in the matter of the Interstate Mining & Develpment Company, No. 576 in Bankruptcy, an order was made and entered by the referee in bankruptcy adjudging such rights as the bankrupt had in said lease to have been forfeited for failure to comply with five covenants of said lease. A copy of said order in bankruptcy is attached to the complaint as exhibit D.

On May 7, 1936, said Charles Vignos and others leased and optioned the forfeited properties to plaintiff as trustee. A copy of this lease is attached to the complaint as exhibit E.

By virtue of said last-mentioned lease, plaintiff is entitled to the possession of said properties.

For failure to comply with the terms of said first-mentioned lease for the reasons set forth in said notice of forfeiture and cancelation, and by reason of said adjudication and order in bankruptcy, said first-mentioned lease was terminated and said operating agreement became void, and is now without force and effect.

On August 22, 1936, plaintiff, as said trustee, purchased from the acting trustee in said bankruptcy proceedings certain other mining claims in Lyon County, Nevada, together with the personal property thereon, and is now the owner and entitled to possession thereof.

Ever since said adjudication of bankruptcy, and particularly from and after the 7th day of May 1936, it became impossible for Interstate Mining & Development Company, or the defendant, to perform any of the

covenants and conditions of said first-mentioned lease or agreement, but since said time defendant has, and does now refuse to deliver possession of said premises to the plaintiff, and holds over and continues in possession of said premises without the permission of the plaintiff.

Ever since said 7th day of May 1936, defendant has, and now is, engaged in mining and shipping large quantities of ore from said properties, for which defendant has received approximately $17,000, which defendant refuses to pay plaintiff.

In the prayer of the complaint judgment is asked, first, for an injunction, second, for an accounting of moneys from the sale of ores, and, third, for restitution of said mining claims, improvements, and personal property.

In the lease and option from Charles Vignos and others to appellant, copy of which is attached to the complaint as exhibit E, the lessee is designated as "T. L. Withers, of the city of Reno, county of Washoe, State of Nevada, as trustee for a corporation to be hereafter formed under the laws of the State of Nevada." This lease grants to "the said lessee or his assign, the corporation to be hereafter formed," an option to purchase the leased property. Provision is made in the lease and option for depositing an escrow deed in a Reno bank, and for the delivery of such deed to "lessee or assigns" upon payment of a certain sum of money. In two or three other provisions in said lease and option (exhibit E), reference is made to "The corporation to whom this lease and option is to be assigned."

In support of its contention that the complaint does not state facts sufficient to constitute a cause of action, respondent claims that there is no positive averment that plaintiff is a trustee; that there is no allegation of an existing express trust of which plaintiff is trustee, and no allegation that any agreement in writing was ever entered into constituting the plaintiff a trustee

relating to the property, the mining claims, or the lease referred to and described in the complaint as exhibit E; that there is no allegation of any agreement in writing defining the powers and duties of the trustee or authorizing or directing him to sue or maintain any action or proceeding; that the plaintiff brings the action in a representative capacity, but pleads no facts, no contract, no agreement, or declaration of trust or assignment showing either his appointment or his authority; that said complaint does not allege or disclose or name a cestui que trust or any beneficiaries; that if and when a trustee sues in his representative capacity, he must, in order to state a cause of action, allege and set out the facts showing the trust relation, his representative character, the circumstances of his appointment, and the powers with which he is vested; that such trustee must allege that he has the power and authority in his representative capacity to commence and maintain the action; that the complaint must also name the beneficiaries of the trust so as to enable the parties to take advantage of the judgment as a bar to subsequent suits; that there are no allegations in the complaint which allege an express trust, and none which show any power or authority of the plaintiff to commence or maintain this action; that construing the complaint most favorably to plaintiff, the most that can be found within it is that as trustee, plaintiff held the lease (exhibit E) and the mining properties described in the complaint for the purpose of assigning the lease and conveying the mining claims to a corporation to be formed under the laws of Nevada—a dry-trust created for one purpose only; that there is no allegation in the complaint that plaintiff, as such trustee, is authorized to sue or maintain any action concerning the so-called trust property or for the recovery or possession thereof. The cases relied upon by respondent to support the foregoing contentions are referred to in the six paragraphs following.

Wilson v. Polk County, 112 Mo. 126, 20 S. W. 469,

472, was an action by the assignee of certain judgments. It was held that the facts out of which the trust relation grew should be alleged so that the court could know its nature or character. "His allegation that he is a trustee, without stating the facts which constitute him trustee, is but a legal conclusion, and insufficient."

York v. Partridge's Estate, 99 Vt. 329, 132 A. 37, 38, was a suit on a disallowed claim against a decedent's estate. The court held that the complaint must show that the suit is brought for the benefit of a designated cestui que trust. "This requirement is to enable the parties to take advantage of the judgment as a bar in subsequent suits."

Sherman & Ellis v. Indianapolis Castings Co., 195 Ind. 370, 144 N. E. 17, 20, was an action by an attorney in fact for an employers' reciprocal insurance association for the recovery of a money judgment. The court held that in order to be sufficient as a complaint by the trustee of an express trust the pleading should disclose the name of the cestui que trust, "so that issue may be. taken upon that allegation, if necessary, and also that the cestui que trust may be bound by the judgment or decree."

School. Dist. No. 42 v. Peninsular Trust Co., 13 Okl. 479, 75 P. 281, 283, was a suit by a trustee to recover a money judgment, based on school warrants. We quote briefly from the opinion in that case: "The defendant surely had a right to know who it was being sued by. Without setting out in its petition who it represented, the real party in interest was not disclosed, and without such disclosure the petition did not state facts sufficient to constitute a cause of action, unless, as a matter of fact, it was suing as the owner and holder of the notes. * * * . The body of the petition should have been amended so as to show by what authority and in what manner the plaintiff acquired the right to represent the Grand Rapids Seating Company. Without such amendment in the body of the petition, a cause of action was not stated in favor of the plaintiff as trustee."

Wiehtuechter, to Use of American International Musical & Theatrical Union, Local No. 2 v. Miller, 276 Mo. 322, 208 S. W. 39, 41, was a suit by certain members of one labor union, as representatives of a class against another labor union for publishing libels derogatory to plaintiff's association. The court said: "There is no allegation showing a trust of which plaintiffs are trustees. * * .* The averment of authority to sue in a representative capacity does not state in what sort of representative capacity they may act. It is bad on demurrer because it fails to allege the facts which would confer such authority."

In Bradford v. Street, 84 Md. 273, 35 A. 886, one purporting to be a trustee of another person brought suit to recover from defendants for money payable by their intestate in his lifetime to plaintiff's beneficiary. The court of appeals held that the complaint should have alleged how plaintiff was appointed trustee and how, as such, he became owner of the claim sued on.

Support for respondent's position may also be found in the following cases: Lasar v. Johnson, 125 Cal. 549, 58 P. 161; Marion Bond Co. v. Mexican Coffee & Rubber Co., 160 Ind. 558, 65 N. E. 748; Guyer v. Union Trust Co., 55 Ind. App. 472, 104 N. E. 82; Riley v. Fithian, 64 N. J. Eq. 259, 54 A. 143.

■ It will be noted that in none of the six cases cited by respondent was title to the trust property alleged to be in the plaintiff. It is the contention of appellant that where the complaint shows title to the trust property in the plaintiff, and the suit is brought by the trustee to recover the trust property or to reduce it to possession, and in nowise affects his relations with the cestuis que trustent, it is not necessary that the complaint contain allegations showing the nature or terms of the trust or the names of the beneficiaries. In our opinion the following cases show that the weight of authority sustains appellant's position. Koch v. Story, 47 Colo. 335, 107 P. 1093, 1095; Anson v. Townsend, 73 Cal. 415, 15 P. 49; Smith v. City of Portland (C. C.) 30 F. 734; American

Surety Co. v. Marsh, 146 Okl. 261, 293 P. 1041; Sansom v. Ayer & Lord Tie Co., 144 Ky. 555, 139 S. W. 778.

Koch v. Story, supra, was a suit by a trustee to restrain defendant from threatened harmful interference with certain reservoirs and water rights claimed by plaintiff, and to recover damages for the injuries which past interference had already inflicted. The complaint alleged that plaintiff was the owner, holding title as trustee of an express trust, possessed, and entitled to possession, of certain reservoirs and water rights; that defendant wrongfully trespassed upon the reservoirs, cut their banks, placed pipes therein, and thus withdrew the impounded waters to plaintiff's damage, and that defendant threatened to continue such trespasses and wrongful acts and would do so unless restrained by the court. The district court overruled defendant's general demurrer to the complaint, its ruling being assigned as error on appeal. The supreme court in sustaining the trial court said: "If we understand defendant's argument, it is, since the complaint alleges that plaintiff's title to the premises in controversy is held by him as trustee of an express trust, that pleading is fatally defective because it does not set out how and by whom the trust was created, or give the names of the beneficiaries. Authorities from other jurisdictions are cited to the point that where the trustee of an express trust sues, particularly where he is seeking to enforce a trust or change, in some way, its terms, he must allege explicitly the nature of his trust and disclose the name of his beneficiaries. We do not think these authorities sustain defendant's objections to this complaint. Plaintiff alleges that he has the title to this property. He is suing to protect it from injury and to preserve it for the benefit of its equitable owners. Our Code (Mills' Ann. Code, sec. 3) and our decisions require that an action shall be brought in the name of the 'real party in interest.' We have determined that 'one who holds the legal title' is 'the real party in interest.' Bassett v. Inman, 7 Colo. 270–273, 3 P. 383; Gomer v.

Stockdale, 5 Colo. App. 489, 492, 39 P. 355; Pomeroy on Cole Remedies, sec. 62 et seq. Applying that doctrine, we find here that plaintiff alleges in his complaint that he holds the legal title to this property. The additional allegation that he holds as trustee of an express trust may be regarded as surplusage. But if not, where the trustee of an express trust also holds the legal title, he may maintain an action without disclosing the name of the beneficiary, or the nature of the trust. The objection is purely technical, and when, as in this case, the beneficiaries would be concluded by the judgment, which would be a bar to a subsequent suit on the same cause of action by them, the objection interposed ought not to be favorably considered."

It is interesting to note that in Wiehtuechter, to Use of American International Musical & Theatrical Union, Local No. 2, v. Miller, supra, cited by respondent, one of the chief reasons for the court's holding was that, "It is not alleged that title to any property right is vested in the plaintiffs as trustees." It would thus seem that that case tends to support appellant's position.

■ In the instant case, plaintiff is alleged to be the owner of a portion of the trust property, and to be entitled to the immediate possession of the balance thereof as lessee. Many active duties are imposed upon plaintiff by the numerous covenants of the lease.

We think the complaint contains sufficient allegations to show that plaintiff is trustee of an express trust. Cullen v. Atchison County (Mo. Sup.), 268 S. W. 93; Sansom v. Ayer & Lord Tie Co., 144 Ky. App. 555, 139 S. W. 778; Goff Boland (Ky.), 92 S. W. 575; Lewis v. St. Paul, M. & M. Ry. Co., 5 S. D. 148, 58 N. W. 580.

We are also of the opinion that the allegations of the complaint are sufficient to show an active trust, thus distinguishing it from the complaint in Roman v. Long Distance Tel. & Tel. Co., 147 Ala. 389, 41 So. 292.

■ The complaint need not state that the trust is in writing. 47 C. J. 40; 1 Bogert, Trusts and Trustees, sec. 71.

■ Respondent contends that the complaint is fatally defective in that it fails to plead any demand for possession prior to the commencement of the suit. Appellant, in his closing brief, states that this objection was not argued in the court below. This statement was not denied by respondent at the oral argument, or otherwise. Regardless of that, however, and conceding, arguendo, that demand for possession was necessary prior to bringing the action, we are of the opinion that the complaint sufficiently alleges demand for possession. It alleges that "since said time defendant has, and does now refuse to deliver possession of said premises to the plaintiff. * * * This is tantamount to an allegation of demand and refusal, as the ordinary signification of the word "refuse" is to deny a request or demand. Burns v. Fox, 113 Ind. 205, 14 N. E. 541; Pomeroy's Code Remedies (5th ed.), p. 783; 49 C. J. 147, sec. 162, n. 5.

■ Nor do we consider as well taken respondent's contention that the complaint is fatally defective in that it contains no allegations of forfeiture or termination of the original lease. Besides alleging service of notice of forfeiture and cancelation of said lease upon defendant, as well as upon Interstate Mining & Development Company, and incorporating in the complaint a copy of said notice setting forth five particulars in which it was claimed that the lease had been violated, the complaint further alleges "that for failure to comply with the terms of the said lease for the reason set forth in the Notice of Forfeiture and Cancellation, copy of which is attached hereto and marked Exhibit 'C,' and to which reference is hereby made * * * said lease was terminated and said operating agreement hereinabove referred to thereby became void and is now without force and effect." A copy of the operating agreement between Interstate Mining & Development Company and H. M. Johnson is incorporated in the complaint, and shows that all rights of said Johnson and his assignee, defendant, depended entirely upon the continuation of the original lease.

It is not our desire to encourage defective or imperfect pleadings; but we are not permitted to overlook the first two sections of chapter 16 of our civil practice act (sections 8621, 8622 N. C. L. 1929), which provide that, "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties," and that, "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties."

 In support of its second ground of demurrer, that plaintiff has not legal capacity to sue, respondent argues that while a trustee of an express trust may under our statute (section 8544 N. C. L. 1929) sue without joining with him the person or persons for whose benefit the action is prosecuted, this does not do away with the necessity of naming the party or parties for whose benefit the suit is commenced. The defendant, contends respondent, is entitled to know in whose interest he is being sued, to the end that in any subsequent action he may plead the judgment in bar; and to the further end that he may assert against the third party or the beneficiary any defense, set-off, or counterclaim, that he may have. Respondent maintains that the provision of the code for the maintenance of the action in the name of the real party in interest is mandatory, and where the statute provides an exception to the rule, the plaintiff without interest must bring himself within the terms of the exception. "It is incumbent upon the plaintiff," says respondent, "to show that he is concerned with the cause of action averred and a party who has suffered injury by reason of the action of the defendant. It is not enough to allege a cause of action in favor of someone when a plaintiff sues in a representative capacity; the plaintiff in such circumstance must allege the facts showing the cause of action accruing to him in the capacity in which he sues, and must allege and show his authority."

"The phrase 'legal capacity to sue,' as used in a code

provision, means that plaintiff must be free from general disability, such as infancy or insanity, or, if he sues as a representative, that he shall possess the character in which he sues. * * * Incapacity to sue exists where there is some legal disability, such an infancy, or lunacy, or a want of title in plaintiff in the character in which he sues. Want of capacity to sue has reference to or involves only a general legal disability, such as infancy, idiocy, coverture, or want of authority. * * * There is a decided difference between capacity to sue and the right to maintain an action, and there is a clear distinction between 'incapacity to sue' and 'insufficiency of facts to sue upon.' The capacity to sue is the right to come into court, and differs from the cause of action, which is the right to relief in court. The want of capacity to sue is something pertaining to the person of the party—a personal incapacity—and not to the cause or right of action. A plaintiff having a right of action may yet be without a capacity to sue; a plaintiff with capacity to sue may have no right of action." 47 C. J. 20, 21. And see Clark, Code Pleading, sec. 50.

By the express provisions of our civil practice act, a trustee of an express trust may maintain an action, though not the or a real party in interest. Section 8544 N. C. L. 1929. As has already been said, there are sufficient facts set forth in the complaint in the case at bar to show that plaintiff is a trustee of an express trust. As trustee, he purchased part of the property involved in this suit, and, as lessee, he is entitled to the possession of the remaining portion thereof. The suit is not merely one for an accounting and an injunction, but is brought for the further purpose of recovering the trust property. Plaintiff, under the allegations of his complaint, is entitled to recover the trust property and its possession. We think the cases already cited support this view, as well as the following authorities: 3 Bogert, Trusts and Trustees, pp. 1875 to 1879, secs. 593, 594; 2 Restatement of the Law, Trusts, sec. 280;

26 R. C. L. 1340, 1341; 49 C. J. 140, sec. 145; 4 Bogert, Trusts and Trustees, sec. 870; 1 Restatement of the Law, Trusts, sec. 176.

The case of the Proprietors of the Mexican Mill v. Yellow Jacket Silver Mining Company, 4 Nev. 40, 97 Am. Dec. 510, relied upon by respondent, presents a different situation from that in the instant case. In the Mexican Mill case the plaintiffs were designated "The Proprietors of the Mexican Mill Co." The appeal was from a district court order refusing an injunction. This court, through Justice JOHNSON, said: "We know of no authority, statutory or otherwise, which permits an action involving the subject matter of the present one to be prosecuted under a copartnership associate name. * * * In this instance no person, natural or artificial, is named as plaintiff." In the case before us plaintiff is a natural person. The Mexican Mill case has no application here.

The court, being of the opinion that plaintiff has legal capacity to sue, and that the complaint alleges facts sufficient to constitute a cause of action, the judgment appealed from is reversed.